UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| NOBLE INNOVATIONS NC L.L.C.<br>523 EAST ROSEMARY STREET<br>CHAPEL HILL, NORTH CAROLINA 27514 ) ) ) | Civil Action No. 22-cv-3373 |
| Plaintiff, ) | |
| v. ) | |
| COLGATE-PALMOLIVE COMPANY ) )<br>1105 N MARKET STREET )<br>WILMINGTON, DELAWARE 19801 ) | |
| WALMART, INC. )<br>701 SOUTH WALTON BLVD. )<br>BENTONVILLE ARKANSAS 72716 ) | |
| and ) | |
| TARGET CORPORATION )<br>777 NICOLLET MALL )<br>MINNEAPOLIS MINNESOTA 55402 ) | |
| Defendants ) | |
| Registered Agent for all Defendants:<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Timonium, Maryland 21093-2264 ) ) ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Noble Innovations NC L.L.C. ("Noble"), by its undersigned counsel, alleges as follows for its Complaint against defendants Colgate-Palmolive Company, Walmart, Inc. and Target Corporation.

**THE NATURE OF THIS ACTION**

1.      Noble brings this action against Colgate, Walmart and Target pursuant to 35 U.S.C. §101 et. seq. and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 8,881,332 ("the '332 Patent) entitled Toothbrush System Utilizing Oral Care Capsule. Plaintiff is also the owner of U.S. Patent No. 9,808,077 ("the '077 Patent") entitled Toothbrush System Utilizing Oral Care Capsule.  The '332 and '077 Noble patents protect the inventions of Lise and Patrick Noble.  The Noble Patents are directed to toothbrushes with a dentifrice capsule receiving zone, to toothbrushes with a dentifrice capsule and to mechanisms for placing a dentifrice capsule into a receiving zone of a toothbrush.  Colgate was made aware of the Noble patents but has continued to infringe the '332 Noble Patent, and has refused to cease its infringing actions, thereby necessitating this lawsuit.

**THE PARTIES**

2.      Plaintiff Noble Innovations NC L.L.C. is a limited liability company organized and existing under the laws of the State of North Carolina, located in Chapel Hill, North Carolina.  Noble Innovations NC, L.L.C. was formed to develop and market the inventions of its founders, Lise and Patrick Noble.

3.      Defendant Colgate is a domestic company which has the accused product manufactured in Switzerland and imported for sale in the United States, with its headquarters in New York, registered to do business in Maryland with numerous employees located in Maryland, including at least one national team leader, a district manager, numerous Practice Development, business development and customer development managers, a dental professional,

Complaint for Patent Infringement -2-

and at least twenty other employees who regularly conduct business in Maryland through established and regular places of business in Maryland, including defendant's conduct of business in the sense of storage, transport, sales, marketing, sales development, stocking, distribution, retail monitoring, supervision, stocking and signage, product development and exchange of goods or services at regular and established places of business. Colgate's products are distributed and sold directly into Maryland by Colgate and are sold at retail throughout Maryland and throughout the United States, with significant sales presence in Maryland, including sales at Co-Defendant's retail stores.

4.    Defendant Walmart is a domestic company headquartered in Arkansas, which purchases the accused product from Colgate and re-sells the accused product at its retail stores in Maryland. Walmart is registered to do business in Maryland with a registered agent in Maryland and maintains numerous regular and established places of business throughout Maryland where it sells the accused product at retail stores throughout Maryland and throughout the United States, with significant sales presence in Maryland.

5.    Defendant Target is a domestic company headquartered in Minnesota, which purchases the accused product from Colgate and re-sells the accused product at its retail stores in Maryland. Target is registered to do business in Maryland with a registered agent in Maryland and maintains numerous regular and established places of business throughout Maryland where it sells the accused product at retail stores throughout Maryland and throughout the United States, with significant sales presence in Maryland.

**JURISDICTION AND VENUE**

6.     This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq*.

7.     This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question, and 28 U.S.C. §1332 diversity jurisdiction.

8.     This Court has personal jurisdiction over Colgate, Walmart and Target because of sales of the infringing products into and within Maryland and because each of the Defendants has employees who are conducting the business of Defendants at a regular and established places of business, with employees and agents regularly conducting that business, through activities that constitute, the defendant's conduct of business in the sense of importation, sales, retail sales distribution sales, storage, transport, retail shelf space, and exchange of goods or services. Defendants have committed tortious acts of infringement within Maryland giving rise to this action and regularly do business, derive substantial revenues, and have established more than minimum contacts with Maryland such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9.     Venue is proper in the District of Maryland pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Upon information and belief, Defendants are doing business in this judicial district, have committed acts of infringement are causing injury to Noble and have regular and established places of business in this District and have employees conducting regular and established business in this judicial district.

Complaint for Patent Infringement -4-

## BACKGROUND AND GENERAL ALLEGATIONS

10.    In August, 2007, Lise and Patrick Noble filed a patent application for their invention for an improved toothbrush.  The Nobles were granted a first patent on their invention, US 8,881,332, in 2014 and a second patent, US 9,808,077, in 2017.  Copies of the patents are attached to the Complaint as exhibits. The Nobles formed Noble Innovations LLC in 2014 to explore development of the inventions and licensing of the patents.   Plaintiff, Noble Innovations NC L.L.C., was formed in 2020 to resume the activities of Noble Innovations LLC.  Noble Innovations NC L.L.C. is the owner by assignment of all of the rights and interest in the patents.

11.    The patented Noble toothbrush includes a brush head having a capsule receiving zone sized to receive an dentrifice capsule, and a plurality of capsule retaining elements adapted to retain the capsule in such zone. Loading of such toothbrush with a capsule may be performed with a dispenser including a toothbrush manipulation element adapted to move a retention structure associated with the brush head, and dispensation element adapted to deliver the capsule into the receiving zone.

12.    US Patent 8,881,332 (The '332 Patent) was legally issued by The United States Patent and Trademark Office on November 11, 2014, the inventors of which were Lise Noble and Patrick Noble.

13.    US Patent 9,808,077 (The '077 Patent) was legally issued by The United States Patent and Trademark Office on November 7, 2017, the inventors of which were Lise Noble and Patrick Noble.

14.    In late 2007, the Nobles contacted Colgate in confidence to discuss the licensing of their novel toothbrush to Colgate.   Colgate rejected the offer to license and brought the Wisp

Complaint for Patent Infringement -5-

toothbrush to market in 2009 incorporating the Noble patented invention.


## THE PATENTS

15.     The '332 patent is directed to a Toothbrush System Utilizing an Oral Care

Capsule, and contains eighteen claims protecting the invention, Claim one is as follows:

1. A toothbrush comprising a brush head that includes:

> a front surface;
> a back surface;
> a plurality of vertical bristles extending upward from the front surface;
> a capsule receiving zone sized to receive an oral care capsule, the capsule
> receiving zone including a recess defined in the front surface and arranged to
> receive at least a portion of an oral care capsule inserted past the vertical bristles;
> and
> at least one pair of angled capsule retaining elements that are elevated above the
> recess and configured to retain an oral care capsule in the capsule receiving zone,
> wherein each pair of the at least one pair angled capsule retaining elements
> includes a first and a second angled capsule retaining element arranged along
> diametrically opposing sides of an oral care capsule when present in the capsule
> receiving zone; and wherein at least a portion of each angled capsule retaining
> element of the at least one pair of capsule retaining elements is arranged to
> contact the oral care capsule.

16.     The '332 patent is directed to a Toothbrush System Utilizing an Oral Care

Capsule, and contains eighteen claims protecting the invention, Claim one is as follows:

1. A dispensing device configured for use with at least one toothbrush including a brush
head having a capsule receiving zone configured to receive an oral care capsule, the
dispensing device comprising:
> a container including an interior arranged to contain a plurality of oral care
> capsules including the oral care capsule;
> a bristle spreading element including an aperture arranged to permit passage of
> the oral care capsule, the bristle spreading element arranged to spread apart at
> least some bristles of the brush head to prepare the brush head to receive the oral
> care capsule in the capsule receiving zone; and
> a moveable dispensation element arranged to contact and push the oral care
> capsule through the aperture to be received by the capsule receiving zone of the

brush head.

## COLGATE INFRINGEMENT

17.    Colgate manufactures and sells the WISP toothbrush which includes a brush head having a capsule receiving zone sized to receive an dentrifice capsule, and a plurality of capsule retaining elements adapted to retain the capsule in such zone.



18.    The Colgate Wisp infringes the '332 Patent.

19.    Colgate was placed on notice of the '332 Patent in 2015.

20.    Plaintiff has conducted a detailed analysis, establishing and confirming that Colgate's Wisp infringes claims of the '332 Patent.

21.    Attached as an Exhibit to the Complaint is claim chart demonstrating the correspondence of components of the Wisp with elements of claims of the '332 patent.

22.    Plaintiff attempted to engage in discussions with Colgate but Colgate declined further discussion.

23.    Colgate has continued infringement.

## WALMART AND TARGET INFRINGEMENT

24.    Walmart and Target purchase Wisp toothbrushes from Colgate and resell the Wisp toothbrushes at retail stores and on-line throughout the United States.

Complaint for Patent Infringement -7-

## COUNT I

## COLGATE INFRINGEMENT OF U.S. PATENT NO. 8,881,332

25.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

26.     Plaintiff is the owner of the '332 Patent.

27.     Colgate has infringed, and continues to infringe, at least claims 1, 5, 8, 9, 10, 11, 13, 14, 15, 16, 17, and 18 of the '332 Patent, under 35 U.S.C. § 271(a),

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by importing and selling the Accused WISP Products in the United States.  Colgate continues to import and sell its Wisp products which infringe claims of the '322 Patent.

28.     Colgate does not have a license or authority to use the '322 Patent.

29.     Colgate has been willfully infringing the '322 Patent since at least April, 2015 when it responded to communications from Plaintiff regarding the '332 Patent. Upon information and belief, Colgate has no good faith defense to Plaintiff's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Colgate has intentionally continued its knowing infringement.

30.     As a result of Colgate's infringement of the '332 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II

### WALMART Infringement of U.S. Patent No. 8,881,332

31.     The allegations of each of the paragraphs above are hereby re-alleged and

incorporated herein by reference.

32.     Plaintiff is the owner of the '332 Patent.

33.     Walmart has infringed, and continues to infringe, at least claims 1, 5, 8, 9, 10, 11,

13, 14, 15, 16, 17, and 18 of the '332 Patent, under 35 U.S.C. § 271(a),

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by selling the Accused WISP Products in the United States.  Walmart continues to sell Wisp

products which infringe claims of the '322 Patent.

34.     Walmart does not have a license or authority to use the '322 Patent.

35.     As a result of Walmart's infringement of the '332 Patent, Plaintiff has suffered

and will continue to suffer damages in an amount not yet determined, of at least a reasonable

royalty.

## COUNT III

### TARGET Infringement of U.S. Patent No. 8,881,332

36.     The allegations of each of the paragraphs above are hereby re-alleged and

incorporated herein by reference.

37.     Plaintiff is the owner of the '332 Patent.

38.     Target has infringed, and continues to infringe, at least claims 1, 5, 8, 9, 10, 11,

13, 14, 15, 16, 17, and 18 of the '332 Patent, under 35 U.S.C. § 271(a),

"(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by selling the Accused WISP Products in the United States.  Target continues to sell Wisp products which infringe claims of the '322 Patent.

39.     Target does not have a license or authority to use the '322 Patent.

40.     As a result of Target's infringement of the '332 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.


## PRAYER FOR RELIEF

A.     For a Judgment declaring that Colgate has infringed the '332 Patent.

B.     For a judgment declaring that Colgate's infringement of the '332 Patent has been willful;

C.     For a Judgment declaring that Defendant Walmart has infringed the '332 Patent.

D.     For a Judgment declaring that Defendant Target has infringed the '332 Patent.

E.     For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining each of the Defendants from further acts of infringement;

F.     For a judgment awarding Plaintiff compensatory damages as a result of each Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '332 Patent in an amount to be determined at trial;

G.     For a judgment declaring that Colgate's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

H.     For a judgment declaring that this case is exceptional and awarding Plaintiff its

Complaint for Patent Infringement -10-

expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the

Federal Rules of Civil Procedure;

      I.      For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §

284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing

until such judgment is paid.

      J.      For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284; and

      K.      For such other relief to which Plaintiff is entitled under the applicable United

States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

      Pursuant to Federal Rule of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by

jury as to all claims in this litigation.


DATED: December 31, 2022            Respectfully submitted,


                                  /s/ Joseph J. Zito
                                  Joseph J. Zito
                                  DNL Zito Castellano
                                  1250 Connecticut Ave., suite 700
                                  Washington, D.C., 20036
                                  Telephone: 202-466-3500
                                  jzito@dnlzito.com
                                  *Attorneys for Plaintiff*
                                  *Noble Innovations NC L.L.C.*